IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JULIO SALCEDO, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 15 C 3677 |
| | ) ) | |
| D'ARCY BUICK GMC, INC., A/K/A/ D'ARCY OLDS VW GMC TRUCKS, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Before me is a motion by defendant D'Arcy Buick GMC, Inc. ("D'Arcy") for Court Approval of Settlement and Dismissal with Prejudice ("Motion for Approval") (Doc. #29). In addition to seeking approval of the parties' settlement agreement, the motion "requests that the Court conduct its review of the settlement agreement *in camera*, and that the settlement agreement remain confidential and not become part of the public record." Motion for Approval ¶ 8.

Plaintiff Julio Salcedo ("Salcedo") has not joined in the motion. He has no objection to the terms of the settlement, but he has expressed reservations about D'Arcy's request that the agreement be sealed. While Salcedo does not oppose sealing the

agreement, he questions whether such a measure is permissible in light of Judge Posner's opinion in *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831 (7th Cir. 2013).

Having reviewed the parties' claims and defenses, and having reviewed *in camera* the terms of their settlement agreement, I conclude that the agreement represents a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* However, as discussed more fully below, Salcedo's scruples regarding the sealing of the agreement are well-founded. Accordingly, defendant's motion for approval is granted except insofar as it requests that the parties' settlement agreement be sealed.

## Discussion

"The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory." *Id.* As a result, the Act's provisions "are not subject to negotiation or bargaining between employers and employees. *Id.* (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S.

697 (1945)). For this reason, settlement of claims for back wages under the FLSA require approval from the Department of Labor or from a district court. *Id*. at 1352-53; *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay. Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages. Courts therefore have refused to enforce wholly private settlements.").[1]

Because the settlement agreement at issue here requires judicial approval, Salcedo is correct in noting that it implicates the concerns discussed in the *Goesel* decision. *Goesel* involved motions to seal settlement agreements in two separate cases before Judge Posner sitting in his capacity as motions judge. Although the sealing of settlement agreements is

---

[1] Although the rule requiring court approval of FLSA settlements has been accepted by most of the Courts of Appeals, it has been rejected in the Fifth Circuit. *See Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012). Aside from the dictum in *Walton*, the Seventh Circuit has not addressed the issue. However, district courts in this Circuit routinely require approval of FLSA settlements. *See, e.g., Paredes v. Monsanto Co.*, No. 4:15-CV-088 JD, 2016 WL 1555649, at *1 (N.D. Ind. Apr. 18, 2016); *Adams v. Walgreen Co.*, No. 14-CV-1208-JPS, 2015 WL 4067752, at *1 (E.D. Wis. July 2, 2015); *Hernandez v. PeopleScout, Inc.*, No. 12 C 1228, 2012 WL 3069495, at *3 (N.D. Ill. July 24, 2012); *O'Brien v. Encotech Const. Servs., Inc.*, 183 F. Supp. 2d 1047, 1050 (N.D. Ill. 2002).

ordinarily a routine matter, one of the settlements at issue in
*Goesel* involved a minor and thus required judicial approval
under N.D. Ill. L.R. 17.1. Judge Posner denied the motion to
seal the agreement on the ground that "[d]ocuments that affect
the disposition of federal litigation are presumptively open to
public view." *Id*. at 832 (7th Cir. 2010) (quoting *In re Specht,*
622 F.3d 697, 701 (2010)).

The reason for the presumption in favor of disclosure in
such cases, *Goesel* explained, "is to enable interested members
of the public, including lawyers, journalists, and government
officials, to know who's using the courts, to understand
judicial decisions, and to monitor the judiciary's performance
of its duties." *Id*. Although it is possible to rebut the
presumption in favor of disclosing judicially-approved
settlement agreements, this hurdle is not easily overcome. *Id*.
at 833. Indeed, Judge Posner found it difficult to conceive of
countervailing interests that would justify sealing judicially-
approved settlements "apart from terms that would reveal trade
secrets or seriously compromise personal or institutional
privacy or national security." *Id*. at 835.

Following *Goesel* (and earlier decisions resting on the same
principles), courts in this Circuit have denied requests to seal
judicially-approved settlement agreements. *See, e.g.*, *Adams v.
Walgreen Co.*, No. 14-CV-1208-JPS, 2015 WL 4067752 (E.D. Wis.

July 2, 2015); *Gronik v. v. Balthasar*, No. 10-CV-00954, 2014 WL
2765705, at *1 (E.D. Wis. June 18, 2014); *see also Swarthout v.
Ryla Teleservices, Inc.*, No. 4:11-CV-21-PRC, 2012 WL 5361756, at
*5 (N.D. Ind. Oct. 30, 2012); *Perry v. Nat'l City Bank*, No. 05-
CV-891-DRH, 2008 WL 427771, at *2 (S.D. Ill. Feb. 14, 2008).

Here, D'Arcy has not articulated a sufficiently strong
reason for its request to seal the parties' settlement
agreement. In its motion, D'Arcy states that it "respectfully
disagrees with Plaintiff's reading of the *Goesel* decision and
its application to an FLSA settlement agreement and request for
*in-camera* review." Motion for Approval ¶ 9. However, the motion
does not elaborate on the basis for its disagreement. Moreover,
D'Arcy seeks more than *in camera review* of the agreement; it
seeks the court's approval of the agreement and an order sealing
it from public view.

When asked during the hearing on its motion for approval
why the agreement should be sealed, D'Arcy's attorney alluded to
general concerns that public disclosure of the settlement's
terms might affect future litigation. These concerns are too
indefinite and too insubstantial to justify sealing the
agreement in this case. *See Adams*, 2015 WL 4067752 at *2
(concerns that disclosure of settlement's terms might affect
pending and future litigation were insufficient to justify
sealing settlement agreement in FLSA case).

Accordingly, while I grant D'Arcy's motion for approval of the settlement agreement, I deny its request that the settlement agreement be sealed.

## Conclusion

For the reasons discussed above, the defendant's Motion for Court Approval of Settlement and Dismissal with Prejudice is granted, except insofar as it requests that the settlement agreement be sealed. The parties are directed to file a copy of the settlement agreement on the docket. It is further ordered and adjudged that:

1. The Court finds that the settlement agreement is a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and therefore approves the settlement agreement between Plaintiff and Defendant.

2. The Court hereby dismisses this case in its entirety against defendant, without prejudice, with leave to reinstate for the sole purpose of enforcing the terms of the settlement.

3. Such dismissal will automatically convert to a dismissal with prejudice within twenty (20) days from the date of this Order.

4. Other than what is provided for in the settlement agreement, each party shall bear its own costs and attorneys' fees.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 13, 2016