## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into between Julio Salcedo ("Plaintiff" or "Salcedo") on behalf of himself, his heirs, agents, representatives, executors and administrators, and D'Arcy Buick GMC, Inc. on behalf of itself, its affiliates, parent companies, subsidiaries and related entities, predecessors, successors, insurers, agents, and representatives (the "Dealership"). Salcedo and the Dealership are each referred to as a "Party" and they are collectively referred to as the "Parties" in this Agreement.

**WHEREAS**, Plaintiff filed a Complaint alleging a class and collective action against the Dealership under the Fair Labor Standards Act (FLSA), Portal-to-Portal Act, and the Illinois Minimum Wage Law (IMWL), which is currently pending before the United States District Court of Northern Illinois as Case Number 15-cv-03677, entitled, *Julio Salcedo v. D'Arcy Buick, GMC, Inc., A/K/A D'Arcy Olds VW GMC Trucks* (the "Lawsuit");

**WHEREAS**, Salcedo's counsel represented only Plaintiff at the time the Lawsuit was filed;

**WHEREAS**, the Lawsuit includes claims for alleged failure by the Dealership to properly pay overtime, and for other relief.

**WHEREAS**, the Lawsuit also includes claims for wages and overtime associated with cleaning services provided to the Dealership by Salcedo individually;

**WHEREAS**, the Parties have engaged in extensive settlement negotiations, conducted relevant discovery and investigated the facts relating to the claims alleged, and have now agreed to settle the Lawsuit on the terms set forth herein;

**WHEREAS**, on December 10, 2015, the Parties agreed to Notice and Consent Forms to be mailed to potential members of this collective action, and their Joint Motion to Facilitate Notice to the Plaintiff Collective Action and Motion for Approval of Notice and Consent Form;

**WHEREAS**, on December 16, 2015, the Court approved the Notice and Consent Forms;

**WHEREAS**, on December 18, 2015, the Notice and Consent forms were mailed to the following potential members of this collective action (referred to here as "Opt-In Plaintiffs") at their last known addresses: Hilal Antar, Joel Morin, Matthew Palandri, Michael Johnston, Arnel Pagan, Alex Ritcher, Osbaldo Tenorio, Adolfo Tenorio, Carlos Gonzalez, Victor Rodriguez, John Wayne Formenti, and Zachary Kluth.

**WHEREAS**, the Parties reached agreement on the settlement portion to be paid to any Opt-In Plaintiff who signed a Consent form and a separate settlement agreement, yet none of the Opt-In Plaintiffs returned the Consent form to Plaintiff's counsel.

**WHEREAS**, the Lawsuit includes any and all claims for wages and overtime allegedly owed to Plaintiff and any of the Opt-In Plaintiffs during the period of April 27, 2012 – October 28, 2015;

1696696.1

WHEREAS, on February 10, 2016, the Court granted Plaintiff's motion to voluntarily dismiss with prejudice the class claim against the Dealership under the Illinois Minimum Wage Law;

WHEREAS, the Parties have concluded that a settlement on the terms set forth in this Settlement Agreement is fair, reasonable, adequate and in the best interests of Plaintiff. and

WHEREAS, the Parties have agreed to compromise all of Plaintiff's claims in the Lawsuit and all other disputes between them in order to avoid the expense, inconvenience and delay of further litigation;

IT IS THEREFORE AGREED THAT:

1. **Court Approval and Dismissal of Lawsuit:** Within ten days after execution of this Agreement by the Parties, Defendant shall file a Motion for Approval of Settlement and any other documentation necessary to obtain the Court's approval of this Agreement and dismissal of the Lawsuit. The Parties will cooperate and take all necessary steps to effectuate judicial approval of Defendant's Motion. Plaintiff agrees that he will not seek and is not entitled to any attorneys' fees or costs associated with the Lawsuit other than as specifically provided in this Agreement.

2. **Settlement Payment.** In consideration for Plaintiff's agreement and full compliance with all of the terms and conditions set forth herein, including but not limited to the general waiver and release of claims, the Dealership agrees to pay the gross amount of Thirty-Two Thousand Four Hundred Twenty Dollars and Sixty Four Cents ($32,420.64) (the "Settlement Payment"), pending full satisfaction of all conditions precedent listed below.

    a. The portion of the Settlement Payment for Plaintiff will be Eight Thousand Four Hundred Twenty Dollars and Sixty Four Cents ($8,420.64), to be paid as follows: 50% of the above gross amount, or $4,210.32, as backpay, and 50% or $4,210.32 as liquidated damages, penalties and interest. The Dealership will withhold payroll deductions for state and federal withholding taxes and any other applicable payroll deductions from the backpay portion of the payment. The Dealership will also issue an IRS Form W-2 for the backpay portion of the payment. The Dealership will not withhold any deductions from the liquidated damages portion of the payment, and will issue an IRS Form 1099 to Plaintiff.

    b. The portion of the Settlement Payment for Plaintiff will be delivered to Plaintiff's attorney, John W. Billhorn at the Billhorn Law Firm, 53 W. Jackson, Suite 840, Chicago, Illinoi 60604, within 5 business days following the full satisfaction of all of the following conditions precedent: Plaintiff's execution and return of this Agreement to the Dealership's attorneys; Plaintiff's tendering fully completed IRS Forms W-4 and W-9 to the Dealership's attorneys; Plaintiff's attorneys tendering a fully completed IRS Form W-9 to the Dealership's attorneys; the Parties receiving an order granting Court approval of this Agreement; and dismissal of the Lawsuit

2

1696696.1

without prejudice that converts to a dismissal with prejudice within twenty (20) days from the date of the Court's order.

    c. In full satisfaction of any and all claims for attorneys' fees and costs incurred by Plaintiff, the Dealership will pay Plaintiff's counsel the gross amount of Twenty-Four Thousand Dollars and No Cents ($24,000), payable to the "The Billhorn Law Firm." The Billhorn Law Firm agrees to provide the Dealership with a completed W-9 Form. The Dealership shall issue at the appropriate time an IRS Form 1099 for this amount to the Billhorn Law Firm at the address listed on the Form W-9. Payment to the Billhorn Law Firm will be delivered at the same time as the Settlement Payment for Plaintiff and is premised upon full satisfaction of the same above conditions precedent.

    3. **Tax Responsibilities**. Plaintiff agrees that he is solely responsible for his individual portion of any and all federal, state or local taxes that are due as a result of any payments made to Plaintiff or Plaintiff's counsel under this Agreement. Plaintiff further acknowledges and agrees to indemnify and hold harmless the Dealership in the event that any federal, state, or local taxing authority asserts any claim for liability against Plaintiff based upon payment of these sums by the Dealership, including but not limited to: unpaid taxes; failure to withhold taxes; penalties; interest or other sums that may become due to any taxing authority. The Dealership makes no representations or warranties about the tax consequences of any monies paid pursuant to this Agreement.

    4. **Waiver and General Release**. In consideration for the Dealership's performance of their obligations under this Agreement and compliance with its terms, including but not limited to payment of the Settlement Payment to Plaintiff as specified in Paragraph 2 above, and except for claims alleging a breach of this Agreement, Plaintiff knowingly and voluntarily releases and forever discharges the Dealership from liability for any and all claims which he has or may have against the Dealership as of the date this Agreement is executed, whether those claims are known or unknown, asserted or unasserted, including but not limited to those claims asserted in the Lawsuit.. This waiver and general release includes, without limitation, any and all claims under any federal, state or local statute, regulations or ordinance (including but not limited to any and all claims under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; Section 1981 (42 U.S.C. § 1981); the Americans With Disabilities Act of 1990; the Age Discrimination in Employment Act, as modified by the Older Workers Benefit Protection Act; Executive Order 11246; the Rehabilitation Act of 1973; the National Labor Relations Act; the Family and Medical Leave Act; the Illinois Human Rights Act; the Illinois Wage Payment and Collection Act; the Fair Labor Standards Act; or the Illinois Minimum Wage Law; any and all claims for intentional or negligent infliction of emotional distress, embarrassment, pain and suffering, or any other claim or cause of action asserted under the common law of any state; any and all claims for wrongful or tortious termination, violation of public policy or similar claims; any and all claims for breach of express or implied employment contract and/or estoppel; any and all claims or grievances arising under the applicable collective bargaining agreements governing the relationship between the Dealership and the International Brotherhood of Teamsters Local Union No. 731; any and all claims for breach of fiduciary duty, discrimination or any other alleged violation of the Employee

Retirement Income Security Act; any and all claims for payment of wages, bonus, paid time off, or other compensation of any kind; any and all claims for compensatory, punitive, or other damages or relief of any kind relating to any claims; and any and all claims for attorneys' fees and costs incurred by Plaintiff in relation to such claims. Plaintiff acknowledges and agrees that any right to relief which he sought in the Lawsuit shall be fully satisfied by this Agreement, and that this Agreement resolves and subsumes any and all claims based in whole or in part on any conduct by the Dealership through the date of this Agreement.

5. **No Consideration Absent This Agreement.** Plaintiff agrees that he would not have received his portion of the Settlement Payment in Paragraph 2 above but for his execution of this Agreement. Plaintiff acknowledges and agrees that this sum constitutes all monies payable to him for the release of claims recited in this Agreement, including any attorneys' fees and costs incurred. Plaintiff agrees that he is forfeiting and waiving all rights to further payments of any kind from the Dealership by entering into this Agreement.

6. **Warranties.** Plaintiff warrants that other than the Lawsuit, he has not filed or initiated any claims of any type against the Dealership with any court, governmental or administrative agency. Plaintiff further warrants that he will not do so in the future based in whole or in part upon events occurring to the date they execute this Agreement; provided, the Parties acknowledge and agree that nothing in this Agreement prohibits or is intended to prohibit Plaintiff from filing a charge with the Equal Employment Opportunity Commission or the Illinois Department of Human Rights based on events occurring after the present date, or from participating in an administrative agency's investigation of any charge. Plaintiff specifically waives the right to receive any benefits or remedial relief as a consequence of any charge or lawsuit filed by any other person or entity against the Dealership with any court or governmental agency at any time in the future.

7. **No Admission of Liability.** Other than the Settlement Payment that is being paid to Plaintiff by the Dealership pursuant to this Agreement, the Parties acknowledge that the Dealership has denied, continues to deny and will deny in the future any wrongdoing with respect to Plaintiff.

8. **Confidentiality of This Agreement.** Plaintiff covenants and agrees not to disclose the terms of this Agreement to any person at any time in the future; provided that Plaintiff may disclose this Agreement to their respective spouses, attorneys, or accountants as necessary for preparation of income tax returns and other tax-related matters, and provided further, that Plaintiff may disclose this Agreement to the extent required by law or legal process. Plaintiff further agrees that if any of the terms of this Agreement are disclosed as permitted by this Paragraph, he will direct that person not to disclose the terms of this Agreement to any other person.

9. **Modification and Waiver:** No provision of this Agreement may be modified, altered, or amended except by an instrument in writing executed by the Dealership and Employee. No waiver by either Party of any breach by the other Party shall be deemed a waiver of similar or dissimilar provisions at the time or at any prior or subsequent time.

1696696.1

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between them. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind in connection with his decision to accept this Agreement, except for those expressly set forth in this Agreement.

11. **Binding Effect/Assignability**. This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, personal representatives, successors and assigns. This Agreement shall be assignable by the Dealership. Plaintiff shall not assign all or any portion of this Agreement without the prior written consent of the Dealership.

12. **Choice of Law:** This Agreement will be construed in accordance with and governed by the substantive laws of the State of Illinois, without regard to conflict of laws principles. The Parties agree that any action or proceeding to enforce or arising out of this Agreement must be commenced in the state or federal court located in Cook County, Illinois. The Parties consent to personal jurisdiction and exclusive venue in such court, and waive any request to transfer such action out of such court for the convenience of the Parties or witnesses.

13. **Acknowledgments**. Plaintiff hereby acknowledges that he is entering into this Agreement knowingly and voluntarily, and further acknowledges that: (1) this Agreement is written in a manner understood by him and is fully understood by him; (2) this Agreement refers to and specifically waives claims under the Age Discrimination in Employment Act, except to the extent that such claims arise after the date of this Agreement; (3) he has received valuable consideration in exchange for the waiver and release of claims included in this Agreement which substantially exceeds amounts that he would otherwise be entitled to receive from the Dealership; (4) he has been advised in writing (by this document) to consult with an attorney prior to executing this Agreement and he has consulted his attorney; (5) he has signed this Agreement only after reading, considering and understanding it; (6) he may take up to fourteen (14) days from receipt of this Agreement to consider whether to sign the Agreement; and (7) he is legally competent to execute this Agreement. Plaintiff acknowledges that he fully understands the terms of this Agreement, and is entering this Agreement voluntarily and without any coercion or duress.

1696696.1

14. **Counterparts and Signatures.** This Agreement may be signed in counterparts, each of which shall be deemed an original and all of which taken together shall constitute the same instrument. The parties agree that signatures may be transmitted by electronic means, and that such transmission shall have the same force of law as original signature pages.

To signify their full understanding of and voluntary agreement to all of the terms of this Agreement, the Parties have affixed their signatures below.

Accepted and Agreed To By:

| JULIO SALCEDO | D'ARCY BUICK GMC, INC. |
|---|---|
| *JULIO E. SAICEDO* | By: *[signature]* |
| | Title: Pres |
| Date: 04-18-2016 | Date: 4/26/16 |

6

1696696.1